**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

TINA SUFFAL, ET AL.                                          CIVIL ACTION

VERSUS                                                       NO. 14-2478

JEFFERSON PARISH, ET AL.                                     SECTION "H" (3)

**ORDER**

On January 7, 2015, the Motion for Leave to File First Supplemental and Amending Complaint [Doc. #17] came on for oral hearing before the undersigned. Present were Elizabeth Cumming and Rodney Glenn Cater on behalf of plaintiffs and Craig Canizaro on behalf of certain defendants. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

I.      **Factual Background**

The complaint alleges as follows. Plaintiffs are the surviving family of the deceased, Eric Christopher Suffal, including Suffal's three surviving minor children. Suffal was confined in July 2013 to the Jefferson Parish Correctional Center ("JPCC"), where he was in the custody and/or care of the named defendants. Suffal entered the JPCC Infirmary on July 11, 2013, and his family was notified on July 28, 2013 that he had been hospitalized with life-ending brain damage and other medical complications that resulted in his brain death and removal from life-sustaining devices. Plaintiffs had not been informed that Suffal had been hospitalized nor had they been permitted any

opportunity to have any contact or visitation with him before his death.  Plaintiffs received little or

no information to explain how Suffal went from being placed in the JPCC facility on suicide watch

to suffering anoxic brain injury and death from a ruptured duodenal ulcer and resulting septicemia.

Plaintiffs sued the Parish of Jefferson, the Jefferson Parish Sheriff's Office, Sheriff Newell

Normand, Correcthealth Jefferson, L.L.C. ("Correcthealth"), and Dr. Stacy Greene under, *inter alia*,

42 U.S.C. § 1983.  On October 28, 2014, defendants removed the lawsuit to this Court.

## II.      The Parties' Contentions

### A.      The Motion to Amend

Plaintiffs argue that while they attempted to learn more about the death of Suffal, the age of

Suffal's minor children and the fact that several of his surviving family members live out of state

complicated their ability to investigate the death of their loved one.  Plaintiffs note that defendants

have filed motions to dismiss and/or for judgment on the pleadings.  Since the filings, they have

learned more about Suffal's death and seek to amend the complaint to supplement their allegations

as to their claim of deliberate indifference.  They maintain that the amendment will render moot

many of the deficiencies highlighted by defendants' motions.

### B.      Defendants' Opposition

Correcthealth and Greene (collectively, "defendants") filed a motion for judgment on the

pleadings, asserting that plaintiffs can not assert a viable claim for deliberate indifference to serious

medical needs.  They argue that the proposed amended complaint verifies that plaintiffs' claims fall

under alleged state-law medical negligence alone.  They thus contend that the proposed amended

complaint is futile.

Defendants maintain that the amended complaint details the plethora of medical care that

Suffal received from Correcthealth while incarcerated.  They note that he was observed, examined, assessed and/or treated every single day of his incarceration from July 11-24, 2014.  Citing the allegations of the amended complaint, defendants note that plaintiffs only fault them for failing to provide the correct care or for failing to provide additional care.

Citing case law, defendants argue that the fact that an inmate's medical treatment may not have been the best that money can buy is insufficient to establish a federal violation.  They maintain that the federal Constitution does not require even that an inmate's care be free from negligence or medical malpractice.  Plaintiffs must establish a "subjective intent to cause harm," and defendants maintain that they can not do so.  They note that federal courts are loath to second-guess medical decisions in federal civil rights actions.  They also note that an incorrect diagnosis does not amount to deliberate indifference. Defendants maintain that even were the allegations of the amended complaint true, their actions would amount solely to negligence, which does not establish a federal violation.

Defendants also argue that the allegations that the JPCC Infirmary is inadequate are baseless given that the facilities received accreditation from the National Commission on Correctional Health Care.

As to Greene, defendants note that he only saw Suffal on July 22 and 24, 2013, and the allegations of the amended complaint, even if true, establish only negligence.  Defendants also contend that the allegations against Greene in his role as medical director for Correcthealth (failing to hire, supervise, and train) can not stand because there can be no liability under Section 1983 based on *respondeat superior*.  They also note that the proposed amended complaint fails to specify any policy instituted by Greene that constitutes a deprivation of constitutional rights.

## C.    Plaintiffs' Reply

Citing case law, plaintiffs maintain that pre-trial detainees may not be punished, and the conditions in which they are held must be reasonably related to a legitimate governmental interest. Plaintiffs argue that this standard falls below the deliberate indifference standard.  Plaintiffs contend that the allegations in the amended complaint establish that Greene violated Suffal's constitutional rights.  They note that Greene issued no orders, made no attempts to ensure that nurses under his supervision properly documented Suffal's condition, and made no effort to treat Suffal even though Suffal had been suffering from headaches and vomiting so severely that it impeded his mobility.

## III.    Law and Analysis

Under Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  In deciding whether to allow amendment of the complaint, the Court must consider any "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

As noted above, defendants argue that plaintiffs' attempt to amend the complaint is futile. In *Stripling v. Jordan Production Co., L.L.C.*, the Fifth Circuit stated:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).
> The question therefore is whether in the light most favorable to the plaintiff and with *every doubt resolved in his behalf*, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.

234 F.3d 863, 872-73 (5th Cir. 2000) (emphasis added).

Accepting plaintiffs' allegations as true and viewing them in the light most favorable to them, defendants have not carried their burden to show that the amendment is futile. Federal Rule of Civil Procedure 8(a) requires notice pleading only and "a short, plain statement of the claim showing that the pleader is entitled to relief." Although plaintiffs failed to fully flush out their deliberate-indifference claim in their original complaint, they pleaded facts in it that would support and give notice of such a claim. They merely now seek to further support the facts underlying that claim. While the Court recognizes that deliberate indifference is a very high standard to meet, the duty of the Court at this point is not to determine the merits of the claim, but only to decide whether, in the light most favorable to plaintiffs, the allegations in the complaint support the pleading of such a claim. This, plaintiffs have done. The Court can not say *beyond doubt* that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.[1]

Trial in this matter is not set yet, and there is ample time for defendant to prepare and assert its defenses to this claim. Any prejudice to defendant from plaintiffs' factual allegations of this claim at this time is minimal.

IV.     **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Leave to File First Supplemental and Amending Complaint [Doc. #17] is GRANTED.

---

[1]     The Court also finds that, for the sake of judicial efficiency, the District Court should have all of the facts before it when it resolves the motion for judgment on the pleadings.

New Orleans, Louisiana, this 15th day of January, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**