UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA SUFFAL, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14–2478** |
| **JEFFERSON PARISH, ET AL** | **SECTION: "H" (3)** |

## ORDER AND REASONS

Before the Court is Defendant Newell Normand's Motion for Summary Judgment (Doc. 37). For the following reasons, the Motion is DENIED WITHOUT PREJUDICE.

## BACKGROUND[1]

Plaintiffs are the surviving mother and children of Eric Suffal. Mr. Suffal died on July 28, 2013, as a result of a perforated duodenal ulcer, acute peritonitis, and a brain herniation allegedly sustained while he was incarcerated

---

[1] The facts are drawn from Plaintiffs' Complaint and presented in the light most favorable to Plaintiffs. *See Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

1

Case 2:14-cv-02478-JTM-JCW   Document 41   Filed 05/11/15   Page 2 of 6

in the Jefferson Parish Correctional Center ("JPCC").  Suffal was booked into the JPCC on July 11, 2013.  At that time, he reported to the staff of the JPCC that he had ingested rat poison over a period of three days prior to his incarceration.  After evaluating Suffal, the staff determined that he presented a high risk of suicide, admitted him to the infirmary, and placed him on suicide watch.  Suffal remained in JPCC custody until July 24, 2013, when he was found unresponsive and drooling in his cell.  He was then transferred to the LSU Interim Public Hospital, where he died four days later.  This suit followed.

Plaintiffs allege that Defendants Sheriff Normand, Correcthealth (the medical provider at the JPCC), and Dr. Stacy Greene (the medical director at the JPCC) were deliberately indifferent to Suffal's serious medical needs in violation of 42 U.S.C. § 1983 and the Eighth Amendment.  They also allege that Defendants failed to provide reasonable accommodations for his disability in violation of the Americans with Disabilities Act, and that Defendants are liable for various state law torts, including medical malpractice.

In response to Plaintiffs' Complaint, Defendants filed several motions to dismiss.  In ruling on the motions, the Court held that Plaintiffs stated a claim pursuant to 42 U.S.C. § 1983 and the Eighth Amendment and dismissed Plaintiffs' medical malpractice claims without prejudice pending exhaustion of proceedings before the medical review panel.  Sheriff Normand now seeks summary judgment dismissing all claims against him.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman*, 113 F.3d at 533.

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Plaintiffs' sole argument in opposition to this Motion is that the Court should deny the Motion pursuant to Rule 56(d).  Rule 56(d) permits a court to deny a motion for summary judgment, or to defer consideration of it, pending necessary discovery.  Rule 56(d) relief is available when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[10]  "Rule 56[(d)] allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[11]  "Such motions are broadly favored and should be liberally granted."[12]  Nonetheless, "a request to stay summary judgment under Rule 56[(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and

---

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] Fed. R. Civ. Pro. 56(d).

[11] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[12] *Id.*

4

indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[13] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[14]

Plaintiffs argue that this case is still in its infancy. Initial disclosures have not been completed, no discovery has been conducted, and the Court has not entered a scheduling order. Nonetheless, Sheriff Normand argues that Plaintiffs have not presented any evidence in support of their claims. The Court is not impressed with this argument.

Generally, "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, *as long as the plaintiff has had a full opportunity to conduct discovery*."[15] Indeed, "summary judgment assumes some discovery."[16] In this case, the primary plaintiff is deceased, allegedly because of the actions of Defendants. Thus much, if not all, of the evidence supporting Plaintiffs' claims is in the hands of Defendants. The Court refuses to grant summary judgment before Plaintiffs have had an opportunity to obtain this evidence. Accordingly, Plaintiffs request for discovery pursuant to Rule 56(d) is granted, and this Motion is denied without prejudice.

---

[13] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

[14] *Id.*

[15] *Anderson*, 477 U.S. at 257 (emphasis added).

[16] *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the Motion is DENIED WITHOUT PREJUDICE to Defendant's right to reurge the Motion following discovery.

New Orleans, Louisiana, this 11th day of May, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**